ALMERIN M. TINKER v. THE BOARD OF PUBLIC WORKS OF THE CITY OF JACKSON.

*Municipal corporations—Appointment to office—Member of council voting for himself—Majority.*

Where the charter of a city requires that all appointments to office shall be made only upon the nomination of the mayor, by and with the concurrence of a *majority* of the members elect of the common council, *mandamus* will not lie to compel the recognition of a member of the council as entitled to an office to which he has been appointed on a nomination concurred in by a bare majority of the council, including himself.

*Mandamus.* Argued June 6, 1893. Denied June 8, 1893.

Section 4, chap. 3, of the revised charter of the city of Jackson (Act No. 414, Local Acts of 1889), provides that "all appointments to office shall be made only upon the nomination of the mayor, by and with the concurrence of a majority of the members elect of the council." Relator, a member of the council, was nominated by the mayor as a member of the board of public works of the city, under section 1, chap. 25, of the charter. The council was composed of 16 aldermen, nine of whom, including the relator, voted for relator's appointment to said office. The board

of public works refused to recognize relator as a member, and he applied for a *mandamus* to compel such recognition.

*Wilson & Cobb*, for relator.

*J. A. Parkinson*, for respondent.

PER CURIAM. Under the charter of the city of Jackson, a member of the common council cannot, by *mandamus*, compel his recognition as a member of the board of public works, when his petition fails to show his appointment by a vote of a majority of the common council, exclusive of his own vote.